HOMER H. BRELAND, Appellant, *v.* GLENS FALLS INDEMNITY COMPANY, Respondent.

Second Department, June 28, 1948.

*Homer H. Breland* for appellant.

*John S. V. Kilmartin* (*M. MacDonald Robison* with him on the brief), for respondent.

WENZEL, J. This is an action to recover upon an " accident " policy for disability due to a broken leg.

The policy upon which the plaintiff sues is dated February 5, 1937, and by its terms runs for a six-month period commencing February 6, 1937. It was thereafter renewed for successive six-month periods. The last renewal date was February 6, 1945. On March 1, 1945, the plaintiff was billed for the last renewal, but on or about March 20, 1945, he notified his broker to cancel the policy and " send me bill to cancellation date." The broker thereupon on March 21, 1945, notified the defendant insurance company of the cancellation and returned the renewal certificate, saying in turn " Please advise us of the amount of earned premium due." The policy was thereupon cancelled by the defendant, by stamping the word " Cancelled " on the renewal certificate and attaching a sticker " Cancelled Flat, Not Wanted, 2/6/45." (It was testified that a " flat " cancellation is one in

which all premium payment is waived and the policy cancelled as to the date of issuance or renewal.) The fact of the cancellation was not communicated to the assured.

On April 19, 1945, the plaintiff had the accident in which his leg was broken. By letter of even date, the plaintiff wrote his broker, purporting to withdraw his cancellation. He did not, however, inform the broker of the injuries he had sustained. The broker thereupon communicated with the defendant, and on April 24, 1945, received a letter from it refusing to accept a withdrawal of the cancellation of the policy but offering to issue a new policy. On the showing of these facts, the defendant's motion for the directed verdict, from which the plaintiff appeals, was granted. By his failure to communicate further with the defendant, or to pay the premium for the renewal period, the plaintiff indicated that he assumed his direction had been complied with; and he may not, two and one-half months after his policy would, under ordinary circumstances, lapse for non-payment of premium, and after the happening of the accident, avail himself of the benefits of a contract which he had thus rejected.

The judgment dismissing the complaint, upon a verdict directed in favor of the defendant, after trial, should be affirmed with costs.

JOHNSTON, Acting P. J., ADEL, NOLAN and SNEED, JJ., concur.

Judgment unanimously affirmed, with costs. [See *post,* p. 892.]